UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ROBERT A. TRIBBLE; CHARLES HICKS; JAMES LEDFORD, <br><br>  Plaintiffs, <br> v. <br><br> BRADLEY COUNTY SHERIFF'S DEPT; <br> LT. MIKE COOPER; OFFICER R. LEPFORD; <br> OFFICER MICHAELS; OFFICER ARWINE; <br> DEPUTY M. COCHRAN; These parties are sued in their individual and professional capacities; <br> BRADLEY COUNTY ADMINISTRATOR, <br> In his professional Capacity, <br><br>  Defendants. | No. 1:05-cv-321 <br> *Edgar/Lee* <br><br> JURY TRIAL REQUESTED |

## **MEMORANDUM AND ORDER**

Plaintiffs Robert A. Tribble ("Tribble"), Charles Hicks ("Hicks"), and James L. Ledford ("Ledford") have filed a *pro se* prisoner civil rights complaints pursuant to 42 U.S.C. § 1983 (Court File No. 1). The filing fee has been paid.

Each plaintiff seeks a judgment for $250,000.00 from each defendant. In addition, the plaintiffs request a meaningful, legitimate grievance procedure; access to a law library and legal materials; an injunction prohibiting the use of Tazers on cuffed inmates and prohibiting the staff from assaulting the inmates; and that the disciplinary procedure mandate written disciplinary reports and documentation to enforce discipline.

*Administrative Remedies*

1

Plaintiffs' complaint is based on claims that arose while they were housed at the Bradley County Jail. Plaintiffs have failed to demonstrate they exhausted their administrative remedies. Instead, Plaintiffs have simply stated they presented these facts to authorities who operate the Bradley County facility by filing grievances but they have received no responses. Plaintiffs have failed to provide copies of the grievances they each have filed; they have failed to identify the subject matter or date of each grievance; and they have failed to explain the steps they took to proceed through the grievance system. Consequently, the Court is unable to determined whether plaintiffs have indeed exhausted their remedies.

The Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that no action shall be brought with respect to prison conditions under 42 U.S.C. § 1983 by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. In *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied,* 525 U.S. 833 (1998), the Sixth Circuit held that district courts should enforce the exhaustion of administrative remedies *sua sponte* if necessary. The Sixth Circuit has ruled that the plain mandatory language of the statue regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based requires all prisoners filing § 1983 cases involving prison conditions to allege and show they have exhausted all available administrative remedies. *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). "A prisoner should attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint." *Id.*

The exhaustion requirement applies to all cases filed on or after April 26, 1996, the effective

date of the Prison Litigation Reform Act. *Id. citing Plaintiffs v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997). It is unclear from the record whether plaintiffs have exhausted their available administrative remedies by fairly presenting their claims to the Bradley County Jail inmate grievance program. The plaintiffs' complaint indicates there is an inmate grievance program at the Bradley County Jail, but it does not confirm that plaintiffs presented the facts relating to their claims in the instant complaint to all levels of the inmate grievance program.

Accordingly, this Court cannot proceed to consider and adjudicate the merits of the plaintiffs' claims until all available administrative remedies have been completely exhausted. *Id.; White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997). The Court is unable to determine whether all available administrative remedies have been completely exhausted. Therefore, the Clerk **SHALL** send the defendant a copy of the complaint (Court File No. 1) to enable the parties to submit to the Court any additional records, documents, and papers concerning plaintiffs' grievances and the administrative decisions made with regard to the grievances by the Grievance Board, the Sheriff, or any other review board. If there has been a final administrative decision on plaintiffs' grievances, the parties shall provide a copy of it to this Court as part of their response.

Each party **SHALL** file a response and explain in detail the grievance procedure plaintiffs followed. In addition, copies of all grievances, appeals, and responses involving plaintiffs' claims shall be submitted to the Court. In their responses, the parties shall explain the standard procedures for processing inmate grievances, including all available appeals, and provide this Court with a copy of the relevant written regulations and prison grievance policies and procedures.

The parties are **ORDERED** to file their response, including but not limited to, a copy of the

3

written regulations and prison grievance policies and procedures; copies of all grievances filed by the plaintiffs; the written resolutions; and any appeals from adverse decisions by the prison Grievance Board, with the Court on or before **March 3, 2006.**

Plaintiffs are **ORDERED** to notify this Court and defendant or defendant's counsel of record, immediately of any change of address. If plaintiffs are transferred to another institution, they are **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of plaintiffs to notify this Court or defendants of an address change with ten (10) days from the date of such transfer will result in the imposition of appropriate sanctions against such plaintiffs without any additional notice or hearing by the Court. Failure to respond to this order on or before **March 3, 2006,** will result in the dismissal of this action.

ENTER this *1st day of February, 2006*.

                                          */s/ R. Allan Edgar*
                                          R. ALLAN EDGAR
                               UNITED STATES DISTRICT JUDGE