UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ROBERT A. TRIBBLE; CHARLES HICKS; JAMES LEDFORD, <br><br> Plaintiffs, <br><br> v. <br><br> BRADLEY COUNTY SHERIFF'S DEPT; LT. MIKE COOPER; OFFICER R. LEPFORD; OFFICER MICHAELS; OFFICER ARWINE; DEPUTY M. COCHRAN; These parties are sued in their individual and professional capacities; BRADLEY COUNTY ADMINISTRATOR, In his professional capacity, <br><br> Defendants. | No. 1:05-cv-321 <br> *Collier/Lee* <br><br> JURY TRIAL REQUESTED |

## **MEMORANDUM**

Plaintiffs Robert A. Tribble ("Tribble"), Charles Hicks ("Hicks"), and James Ledford ("Ledford") have filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 1). On February 1, 2006, the Court ordered the plaintiffs and defendants to file a response on or before March 3, 2006, explaining in detail the grievance procedure the plaintiffs followed. A response on behalf of defendants has been filed. Although plaintiffs have not filed a response, the Court did receive a timely response from Silas Hicks Jr. purporting to be filed on behalf of plaintiff Charles Hicks (Court File No. 3).

As a threshold requirement for Mr. Silas Hicks Jr. to have standing to pursue this complaint as a next friend for Charles Hicks, he must show Charles Hicks is unable to litigate his own cause due to "inaccessibility, mental incompetence, or other disability" and he is "truly dedicated to the best interests" of Charles Hicks. *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990). "The burden

is on the next friend clearly to establish the propriety of his status[.]" *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998) (citation and internal quotation marks omitted).

Even if the Court makes the assumption Mr. Silas Hicks Jr. is acting in Charles Hicks' best interest, there is absolutely no evidence in the complaint Charles Hicks is incompetent or otherwise incapable of pursuing his own action. Thus, Mr. Silas Hicks Jr. has failed to bear his burden of showing Charles Hicks is unable to direct these proceedings on his own behalf. Therefore, the Court will not accept the response filed by Mr. Silas Hicks Jr. and **ORDERS** it **STRICKEN** from the record. Consequently, Plaintiffs Hicks, Tribble, and Ledford have failed to file an answer or otherwise respond as directed in the previous Order.

## I.     *Failure to Respond to the Previous Order*

The Court's February 1, 2006 Order was mailed separately to Robert A. Tribble and James Ledford, c/o Bradley County Jail, 2290 Blythe Avenue, SE, Cleveland, Tennessee 37311. These mailings to Plaintiffs Tribble and Ledford were returned to the Court Clerk reflecting Tribble and Ledford no longer reside at the Bradley County Jail. The Plaintiffs have the burden to notify the Court and the named Defendants or Defendants' counsel of record of any change of address. Plaintiffs were obligated to notify this Court and Defendants of an address change within ten (10) days from the date of such transfer. In addition, they have failed to take any steps to prosecute this case after filing the initial complaint.

Plaintiffs have failed to notify the Court of their address change or prosecute their case. Consequently, this action will be dismissed for failure to prosecute. Rule 41(b) of the *Federal Rules of Civil Procedure* allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's

inherent authority to control its docket and prevent undue delays in the disposition of pending cases.

Therefore, this action will be **DISMISSED** for Plaintiffs' failure to prosecute and to comply with the orders of this Court. FED. R. CIV. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

Assuming strictly for the sake of argument that the response filed by Mr. Silas Hicks Jr. was sufficient to qualify as a response for plaintiff Hicks, the Court finds this action would be dismissed for failure to exhaust administrative remedies.

## II.     *Administrative Remedies*

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Hartsfield v. Vidor*, 199 F.3d 305, 308-309 (6th Cir. 1999); *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Even where money damages are unavailable through a correctional facility's grievance procedure, a prisoner must still exhaust his institutional remedies. *Booth v. Churner*, 531 U.S. 956 (2001). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104.

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 (6th Cir. May 11, 2000) (table decision), *available in* 2000 WL 659260 *1(citing *Brown*, 139 F.3d at

3

1104)). "A plaintiff who fails to allege exhaustion of administrative remedies with 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).

In this case, Plaintiffs make many allegations involving the conditions and treatment to which they are subjected while being confined at the Bradley County Jail. Plaintiffs aver two of them, while identifying only Tribble, have filed grievances but no written response was received (Court File No. 1, p. 3). Plaintiff Tribble claims he has filed eighteen (18) grievances since September 17, 2005. However, Plaintiffs did not specify the topic of the grievances nor have they attached a copy of any grievances. Every claim raised in a prisoner's § 1983 complaint first must be exhausted through the grievance system; there is no provision in *Brown*, supra, for a "mixed" complaint. *Shorter v. Campbell*, 59 Fed.Appx. 673 (6th Cir. 2003), (table decision) *available in* 2003 WL 463480, *2 (citing *Brown*, 139 F.3d at 1104).

The plaintiffs have failed to attach their grievances to the complaint and the complaint does not contain allegations as to the subject matter of the alleged grievances or allegations the claims have been exhausted as to each Defendant associated with the claim contained in his § 1983 complaint. *See Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003) ("[A] prisoner must administratively exhaust his or her claim as to each defendant associated with the claim."); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001) (a claim must be exhausted as to each defendant associated with the claim).

The reference in Plaintiffs' complaint to the grievances allegedly filed does not satisfy Plaintiffs' burden to describe with specificity the administrative proceeding and its outcome. There is nothing in the complaint reflecting the grievance procedure Plaintiffs followed, to whom they

4

gave the grievance forms, or the specific content of the claims and identity of the parties in the initial grievance.

Although Defendants have responded to the Court's Order and filed documentation, the documentation does not reflect Plaintiffs have filed a grievance for each claim against each named defendant. Plaintiffs' complaint raises claims of inmates' funds being illegally taken; failure to provide a meaningful grievance procedure; failure to provide a law library and adequate research material; using a Tazer on cuffed inmates; failure to supply hot meals; and denial of visitation and phone calls in addition to a laundry list of other complaints (Court File No. 9-3). Apart from the Plaintiffs' factually unsupported conclusion they exhausted their administrative remedies and the documentation provided by Defendants demonstrating Plaintiffs failed to exhaust each claim raised in this complaint, there is absolutely no evidence demonstrating Plaintiffs have exhausted their administrative remedies by presenting all the facts underlying their § 1983 claims to the jail authorities.

Plaintiffs do not make any specific allegations as to the subject matter of the grievances they allegedly filed, nor do they demonstrate they have exhausted the claims as to each defendant they have named in their § 1983 complaint. *See Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003) ("[A] prisoner must administratively exhaust his or her claim as to each defendant associated with the claim[.]" *citing Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999)); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001) (a claim must be exhausted as to each defendant associated with the claim). The Sixth Circuit has addressed and definitively "held that the Prison Litigation Reform Act (PLRA) requires total exhaustion and that exhaustion is mandatory, even if proceeding through the administrative system would be futile." *Rinard v. Luoma*, 440 F.3d 361, 362 (6th Cir. 2006) *citing*

5

*Jones-Bey v. Johnson*, 407 F.3d 801, 807 (6th Cir. 2005). "A plaintiff who fails to allege exhaustion of administrative remedies with 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).

Plaintiffs' failure to provide documentation of the grievances or, in the absence of written documentation, their lack of describing with specificity the claims and parties they identified in their grievances, is fatal to their claim they filed grievances. Plaintiffs have failed to bear their burden of showing exhaustion as to each of their constitutional claims, *see Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005) (total exhaustion is required), and as to each defendant associated with this § 1983 complaint. *See Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003) (finding that prisoners are required to file grievances against specific defendants).

Accordingly, Plaintiffs' complaint will be **DISMISSED** for failure to exhaust administrative remedies as well as for failure to prosecute and to comply with the orders of this Court.

A judgment will enter.[1]

                                                   **/s/**
                                                 **CURTIS L. COLLIER**
                                                 **CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff Robert A. Tribble was a federal detainee at the Bradley County Jail. The Bureau of Prisons Inmate Locator indicates Tribble has been returned to the federal institution at Coleman, Florida. Therefore, the Court Clerk is **DIRECTED** to send a copy of the Court's February 1, 2006, and a copy of this memorandum and judgment, to:
        Robert A. Tribble
        Reg. No. 34906-019
        FCI-Coleman Medium
        P. O. Box 1032
        Coleman, FL 33521